**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| RUTH HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N25C-03-242 SPL |
| | ) | |
| WSFS BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This 12th day of September 2025, having reviewed and considered the parties' pleadings in this case, the Court finds:

### I. *Background*

#### *The Complaint Before the Court*

1. Ruth Hall ("Hall") filed a *pro se* complaint seeking a declaratory judgment for an alleged breach of contract by WSFS Bank ("WSFS"). D.I. 1. WSFS responded with a motion to dismiss. D.I. 8. Because the parties presented "matters outside the pleadings," the Court, as Rule 12 permits, treated the motion "as one for summary judgment," and, in accordance with Superior Court Civil Rule 12(b)(6), the Court directed the parties to submit any additional information pertinent to the motion by May 30, 2025. D.I. 10.

2.     Hall then filed a Motion for Default Judgment, (D.I. 11), which the Court denied on May 27, 2025. D.I. 13. And, on May 30, 2025, Hall filed a series of motions unrelated to the motion to dismiss. D.I. 14-20. Hall has moved for: "Summary Judgment" (D.I. 14); "Clerk/Prothonotary Declaration Deman[d]ed" (D.I. 15); "Judicial Declaration Deman[d]ed" (D.I. 16); "Federal Supremacy Clause Invoked" (D.I. 17); "Federal Supremacy Clause Invoked" (D.I. 18); "Recusal Deman[d]ed" (D.I. 19); and "Recusal Clarification." D.I. 20.

3.     On May 30, 2025, WSFS provided additional information pertinent to the Court's consideration of its pending motion to dismiss (D.I. 24), Hall did not.

4.     By Order dated June 4, 2025, the Court scheduled a hearing for July 7, 2025, at 2:00 p.m. to address "WSFS's motion to dismiss and Hall's various motions." D.I. 22.

5.     On June 6, 2025, WSFS responded to Hall's motions. D.I. 23-29.

6.     On June 9, 2025, Hall filed a "Notice to Office of Clerk/Prothonotary" declaring that this Judge is "deemed recused [sic] by both . . . 'plaintiff demand' a self-executing recusal" (D.I. 30) and a "Reply to Defendants' Time Barred Memorandum." (D.I. 31).

7.     On June 25, 2025, Hall filed a "Plaintiffs' Appearance by Motion" (D.I. 32), a motion for "Proper Recusal Deman[d]ed" (D.I. 33), and a motion for "Recusal Deman[d]ed." D.I. 34). Then, on July 3, 2025, Hall filed a "Motion to Redact

Sensitive Personal Information from Court Records" (D.I. 35), "Motion; Default Judgment II" (D.I. 36), "Notice to the Clerk's Office Pursuant to 18 U.S.C § 1343 (Wire Fraud)" (D.I. 37), and a "Motion to Compel Judicial Action Based on Special Summons Clause and to Show Cause Why Defendant's Noncompliance Should not Lead to Dismissal of Defense." D.I. 38. And prior to the scheduled July 7, 2025, hearing, Hall mailed a "Notice of Conditional Acceptance" (D.I. 39, 40) where she demands certain responses from the Court and then details her litigation strategy to "corner an opponent legally, leaving them with no valid moves and limiting a judge's ability to interfere." D.I. 40 at 25.

8. Despite this flurry of activity and ample notice, Hall failed to appear for the July 7, 2025, hearing. D.I. 41.

### Hall's Communications with Court Staff and Recent History with the Superior Court

9. Meanwhile, amidst the plethora of filings, Hall, or someone acting on Hall's behalf, has peppered Court staff with e-mails and phone calls. On Monday, May 19, 2025, an individual identifying themself as "Mr. Chancz Prowess" left a voicemail inquiring about Hall's case, and Court employees have received several e-mails from the address "theqqwallsite@gmail.com." The Court has advised Ms. Hall, and whoever else may be using the identified email address, that Court staff will not provide legal advice, and that the court will not docket letters, motions, or other filings sent by e-mail. Hall persists in sending e-mails to Court staff.

10.     In a June 2, 2025 e-mail, purportedly from Hall using the above referenced email address, she claimed, "I've been treated to Judge adverse judicial actions by [a Delaware Superior Court Judge] in the past and am not going to allow Staffers to also be a part of harming my civil attempts at justice," and "[a]s I have been threatened by [that Judge] whom essentially said that, should I come into the court she will seek to summarily attack my claims."

11.     Hall previously litigated a case in this Court against the Casino at Delaware Park and several individuals.  C.A. No. 21C-06-066 MMJ.  In its November 17, 2021, Opinion dismissing Hall's claims, this Court noted that Hall "concede[d] that her nephew [Chancz Prowess] prepared the documents relevant to this litigation" and that "her nephew is acting on her behalf as her 'Limited Power of Attorney.'" *Hall v. Casino at Delaware Park*, 2021 WL 5373357, at *3 (Del. Super. Ct. Nov. 17, 2021).  Further, the Court noted, it "may dismiss claims by parties that are 'represented' by someone engaged in the unauthorized practice of law." *Id.* at *2 (internal citation omitted).  The Court concluded that "any future claims brought utilizing the assistance of Chancz Prowess, on behalf of plaintiff, will be summarily dismissed on the grounds that Chancz Prowess is engaging in the unauthorized practice of law." *Id.* at *3.

12.     In the Delaware Park litigation, this Court also noted, "[n]otwithstanding the Court's clear ruling, [Hall] and/or Chancz Prowess

continue[d] to email staff, file motions, and request vague relief by lengthy and nearly indecipherable submissions." *Hall v. Casino at Delaware Park*, 2022 WL 179331 at *1 (Del. Super. Ct. Jan. 19, 2022). The Court found "[t]hese repeated failures to adhere to the Court's instructions, and the continued practice of filing accusatory and hostile e-mails in a closed matter, are inappropriate and abusive to the Court and its staff. Plaintiff has made no cognizable or legally sufficient claim for relief from the Court. These repetitive communications are wasteful of scarce judicial resources." *Id.* Hall's "nearly indecipherable submissions" in the Delaware Park litigation (C.A. No. 21C-06-066 MMJ) are markedly similar in form and substance to those filed here.

13. Hall has selected WSFS as the target of her most recent exercise of what she describes as the "QQcje Justice Approach." D.I. 40 at 24. Hall posits that this approach "forces the legal battle onto your chosen ground, establishes the win by default *before* court, and then presents the judiciary with a simple choice: either grant the judgment or disqualify themselves through misconduct, triggering a federal mechanism to grant the judgment anyway." *Id.* She further encourages the reader to "[t]hink of this (cje/#CommandJusticeEnforcement) approach as a strategic, two-step process designed to corner an opponent legally, leaving them with no valid moves and limiting a judge's ability to interfere." *Id.* at 25. Hall's litigation "strategy" has no place here.

14. Despite admonishments from the Court in the Delaware Park litigation, Hall has doubled down. She continues to ignore instructions from the Court and its staff, send accusatory and hostile e-mails, and engage in inappropriate and abusive communications (through pleadings and email) with the Court and its staff. These repetitive communications are wasteful of scarce judicial resources, and they must end. Hall elected to pursue claims in this Court and must comply with extant law and procedure. The Court will not countenance Hall's "strategy" of "catch as catch can" litigation.

## II. WSFS's Motion to Dismiss

### Standard of Review

15. Superior Court Civil Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted. Under Rule 12, when "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." WSFS has offered exhibits for the Court's consideration. Hall, despite the Court's invitation, did not. And Hall chose not to appear at the time scheduled by the Court to address all outstanding motions.

16. Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Super. Ct. Civ. R. 56(c). On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute." *US Dominion, Inc. v. Fox News Network, LLC*, 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (cleaned up)). Summary judgment will not be granted where there exists a material fact in dispute or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances." *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

*Analysis*

17. In her complaint, Hall seeks declaratory judgment because "the matter at hand is not one of an ongoing dispute, but rather a breach of an already completed, preexisting contractual agreement between the parties." D.I. 1 at 4. She asserts that because her claim is "affirmed through an affidavit-supported pleading . . . [WSFS] is precluded from contesting the facts contained within this affidavit without attaching a sworn affidavit in rebuttal as required by law." *Id.* And Hall submits that this Court lacks "jurisdiction over completed contractual agreements absent fraud." *Id.* at 12.

18.  In its motion to dismiss, WSFS asserts Hall "fail[ed] to plead with any specificity the contract terms WSFS allegedly breached and/or how WSFS allegedly breached the contract."  D.I. 8 at 3.  And Hall "failed to even attach the alleged contract at issue."  *Id.*  And, having reviewed Hall's accounts, WSFS submits "no money is missing from [her] accounts."  *Id.* at 3-4.

19.  "Delaware courts are statutorily authorized to entertain an action for declaratory judgment, provided that an 'actual controversy' exists between the parties."  *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216-17 (Del. 2014) (citing 10 *Del. C.* § 6501) (cleaned up).  An "actual controversy" is a controversy: (1) "involving the rights or other legal relations of the party seeking declaratory relief;" (2) "in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim;" (3) "between parties whose interests are real and adverse;" and (4) involve an issue "ripe for judicial determination."  *XL Specialty Ins. Co.*, 93 A.3d at 1217 (cleaned up).

20.  Title 10, Section 6501 of the Delaware Code "does not create substantive rights of any sort; it merely offers a procedural means for securing judicial relief."  *Enzolytics, Inc. v. Empire Stock Transfer Inc.*, 2023 WL 2543952, at *3, n.4 (Del. Ct. Ch Mar. 16, 2023) (cleaned up).  Here, as in *Enzylotics*, the relief sought pertains to an alleged contract.

21.     Under Rule 8 of the Delaware Superior Court Rules of Civil Procedure, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  To support a declaratory judgment action (to enforce a contract) or a "standalone" breach of contract claim, "the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Technology, LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del. 2003) (cleaned up).  Hall fails to assert the contract she seeks to enforce, or the agreement she alleges WSFS breached.  Despite ample time to respond to WSFS's exhibits demonstrating no money is missing, Hall has offered no information supporting WSFS's alleged breach or any damages she sustained.

22.     To the extent Hall seeks to invoke provisions of 10 *Del. C.* § 3901, requiring allegations contained within her complaint to be answered by affidavits, "[a] defendant need not file an affidavit to answer any allegation . . . unless the plaintiff files with the complaint a copy of the instrument of writing."  10 *Del. C.* § 3901(c).  By failing to include the instrument she claims WSFS breached, the Court will not, as she proposes, deem the allegations admitted and enter default judgment. *See* 10 *Del. C.* § 3901(d).

23.     The pleadings and supplemental material submitted by the parties fail to reveal a genuine issue as to any material fact.  WSFS is thus entitled to judgment

as a matter of law.  Viewing the pleadings in the light most favorable to Hall, her complaint fails to state a claim upon which relief can be granted.  For this reason, Hall's complaint must be, and is, **DISMISSED**.

### III. Hall's Motions

24. Hall's pleadings string together principles and conclusions purportedly drawn from State and Federal cases, statutes, and procedural rules in, what this Court has previously described as, "nearly indecipherable submissions." *Hall*, 2022 WL 179331, at *1. The Court has endeavored to pull from these pleadings the salient points Hall wishes to advance.

25. Hall contends that her case was won from the start and, if not won from the start, that WSFS's failure to contest her "affidavit backed demand" sufficed to afford her a win. The Court, in granting WSFS's motion to dismiss, has rejected this argument.

26. Because this Court declined to immediately adopt her theory, Hall contends this judicial officer must be removed (or, by operation of law, has already been removed). D.I. 19, 20, 30, 33, 34. She alleges "improper application of law" (D.I. 19 at 5) and contends recusal is "self-executing." D.I. 30 at 6. There is no basis for this judicial officer to recuse himself from this case. The Delaware Supreme Court has established a two-part test for addressing recusal on claims of bias. *Los v. Los*, 595 A.2d 381, 384 (Del. 1991). First, the judge "must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party." *Id*. at 384-85. Second, "even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the

appearance of bias sufficient to cause doubt as to the judge's impartiality." *Id.* at 385. Neither exist here. First, this judicial officer has no bias towards Hall; rather, this judge has been assigned to adjudicate all matters in Hall's pending case and has applied, and will continue to apply, Delaware law and procedure in resolving disputes brought before the Court. Second, there exists no objective appearance of impropriety to cast doubt on this judges' impartiality.[1] To the contrary, the Court has considered Hall's pleadings and scheduled a time to permit Hall to clarify or expand upon any of the motions before the Court; she chose not to appear. Hall's motions to recuse this judicial officer are **DENIED**.

27. Hall has filed a series of "Motions for Declarations Demanded" seeking to compel the Court or Court staff to take certain action upon her instruction and has moved to "Invoke Federal Supremacy Clause." There is no basis in Delaware law to grant Hall the requested relief. These motions are **DENIED.**

---

[1] "The test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Del. Judges' Code of Judicial Conduct R. 1.2(A), cmt. In other words, this judge must ask "whether a 'reasonable observer' would conclude that the trial judge was influenced by bias." *State v. Desmond*, 2011 WL 91984, at *8 (Del. Super. Ct. Jan. 5, 2011) (citing *Stevenson v. State*, 782 A.2d 249, 258 (Del. 2001)).

### *Hall and Prowess are Enjoined from Further Litigation in this Court*

28. Hall, with the assistance of Prowess, sought to employ a "strategy" designed to deny a defendant the opportunity to defend itself and, all the while, purporting to remove the Court from its adjudicative role. Such gamesmanship, unsupported by extant law, must end. Under 10 *Del. C.* § 8803(e), "[w]hen a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court." The Court finds Ruth Hall and Chancz Prowess, through docketed pleadings, mailings, emails, and telephone calls have engaged in "frivolous or malicious litigation" and hereby enjoins both from filing future claims without leave of court. Should Hall or Prowess seek to file future claims, they must seek leave of court accompanied by an affidavit certifying:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.

10 *Del. C.* § 8803(e).

*Conclusion*

For the reasons set forth herein, WSFS's Motion to Dismiss is **GRANTED**, and Hall's Motions are **DENIED**. Ruth Hall and Chancz Prowess are **ENJOINED** from filing any future claims or pleadings in this Court without seeking leave of the Court as explained above and as set forth under 10 *Del. C.* § 8803(e).

**IT IS SO ORDERED.**

Sean P. Lugg, Judge